**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SHARING SOUND, LLC,<br><br>                                        Plaintiff,<br><br>   v.<br><br>APPLE, INC.,<br>SONY ERICSSON MOBILE<br>COMMUNICATIONS AB,<br>SONY ERICSSON MOBILE<br>COMMUNICATIONS INC.,<br>SONY CORPORATION OF AMERICA,<br>SONY ELECTRONICS, INC.,<br>SONY COMPUTER ENTERTAINMENT INC.,<br>SONY COMPUTER ENTERTAINMENT<br>AMERICA, INC.,<br>SONY CORPORATION,<br>RHAPSODY INTERNATIONAL, INC.,<br>NAPSTER, L.L.C.<br>BRILLIANT DIGITAL ENTERTAINMENT, INC.,<br>MICROSOFT CORPORATION,<br><br>                                        Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      This is an action for patent infringement in which Sharing Sound, LLC ("Sharing Sound" or "Plaintiff") makes the following allegations against Apple, Inc., Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications Inc., Sony Corporation of America, Sony Electronics, Inc., Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Corporation, Rhapsody International, Inc., Napster, L.L.C., Brilliant Digital Entertainment, Inc., and Microsoft Corporation.

## PARTIES

2. Plaintiff Sharing Sound, LLC ("Plaintiff" or "Sharing Sound") is a Texas Limited Liability Company with its principal place of business at 1703 Judson Rd., Longview, Texas 75602.

3. On information and belief, Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Defendant Apple may be served with process through its registered agent in Texas, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4. On information and belief, Defendant Sony Ericsson Mobile Communications AB ("Sony Ericsson AB") is a corporation organized under the laws of the country of Sweden, with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88. On information and belief, Sony Ericsson AB may be served at the Central Authority of Sweden, whose address is Utrikes Departmentet, Juridiska Byran, Box 16121, S-103 23 Stockholm 16, Sweden.

5. On information and belief, Defendant Sony Ericsson Mobile Communications Inc. ("Sony Ericsson USA") is a Delaware corporation, with its principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709. Defendant Sony Ericsson USA may be served with process through its registered agent in Texas, Capitol Corporate Services, Inc., 800 Brazos St., Ste 400, Austin, TX, 78701-2548.

6. On information and belief, Defendant Sony Corporation of America ("Sony of America") is a Delaware corporation with its principal place of business at 550 Madison Avenue, New York, New York, 10022. Defendant Sony of America may be

served with process through its registered agent in Texas, Corporation Service Company CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701

7.  On information and belief, Defendant Sony Electronics, Inc. ("Sony Electronics") is a Delaware Corporation with its principal place of business at 555 Madison Ave, Fl. C, New York, NY 10022-3301. Defendant Sony Electronics may be served with process through its registered agent in Texas, Corporation Service Company CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701.

8.  On information and belief, Defendant Sony Computer Entertainment Inc. ("Sony CE") is a Japanese corporation with its principal place of business at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062 Japan. On information and belief, Sony CE may be served at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062 Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

9.  On information and belief, Defendant Sony Computer Entertainment America Inc. ("Sony CEA") is a Delaware corporation with its principal place of business at 919 & 989 East Hillsdale Boulevard, Foster City, CA 94404. Sony CEA may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Willington, DE 19808.

10. On information and belief, Defendant Sony Corporation ("Sony Corp.") is a Japanese corporation with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. On information and belief, Sony may be served at 1-7-1 Konan,

Minato-ku, Tokyo 108- 0075, Japan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

11. On information and belief, Defendant Rhapsody International, Inc. ("Rhapsody") is a Delaware corporation with its principal place of business at 1420 Fifth Avenue, Suite 1500, Seattle, Washington 98101. On information and belief, Rhapsody may be served at 1420 Fifth Avenue, Suite 1500, Seattle, Washington 98101, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

12. On information and belief, Defendant Napster, L.L.C. ("Napster") is a Delaware limited liability corporation with its principal place of business at 9044 Melrose Avenue, Los Angeles, California 90069. Defendant Napster may be served with process through its registered agent, CT Corporation System, 144 S. Main St., Ste 301, Providence, RI 02903-2963.

13. On information and belief, Defendant Brilliant Digital Entertainment, Inc. ("BDE") is a Delaware corporation with its principal place of business at 12911 Ventura Blvd., Ste. 210, Studio City, California 91604-2235. Defendant BDE may be served through its registered agent Anthony Neumann at 12911 Ventura Blvd., Ste. 210, Studio City, California 91604-2235.

14. On information and belief, Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington, 98052-6399. Microsoft may be served with process through its Registered Agent, Corporation Service Company located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

17. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,247,130

18. Plaintiff is the owner by assignment of United States Patent No. 6,247,130 ("the '130 Patent") entitled "Distribution of Musical Products by a Web Site Vendor Over the Internet" – including all rights to recover for past and future acts of infringement. The '130 Patent issued on June 12, 2001. A true and correct copy of the '130 Patent is attached as Exhibit A.

19. Apple is in the business, among other things, of selling music over the Internet. On information and belief, Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '130 Patent in the State of Texas, in this Judicial District, and

elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '130 Patent, including at least the iTunes Store, to distribute music over the internet.  Defendant Apple is thus liable for infringement of the '130 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

20. Defendants Sony Ericsson AB, Sony Ericsson USA, Sony of America, Sony Electronics, Sony Corp., Sony CE and Sony CEA (collectively "Sony") are in the business, among other things, of selling music over the Internet.  On information and belief, Sony has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '130 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '130 Patent, including at least the playnow-arena.com website, to distribute music over the internet.  Sony is thus liable for infringement of the '130 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

21. Rhapsody is in the business, among other things, of selling music over the Internet.  On information and belief, Defendant Rhapsody has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '130 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '130 Patent, including at least the Rhapsody.com website, to distribute music over the internet.  Defendant Rhapsody is thus liable for infringement of the '130 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

22.     Napster is in the business, among other things, of selling music over the Internet.  On information and belief, Defendant Napster has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '130 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '130 Patent, including at least the Napster.com website, to distribute music over the internet.  Defendant Napster is thus liable for infringement of the '130 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

23.     BDE is in the business, among other things, of selling music over the Internet.  On information and belief, Defendant BDE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '130 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '130 Patent, including at least the Kazaa.com website, to distribute music over the internet.  Defendant BDE is thus liable for infringement of the '130 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

24.     Microsoft is in the business, among other things, of selling music over the Internet.  On information and belief, Defendant Microsoft has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '130 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '130 Patent, including at least the zune.net website, to

distribute music over the internet. Defendant Microsoft is thus liable for infringement of the '130 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '130 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '130 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '130 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Andrew W. Spangler
Andrew W. Spangler
Texas State Bar No. 24041960
Todd Y. Brandt
Texas State Bar No. 24027051
Spangler Law, PC
208 N Green St., #300
Longview, TX 75601-7312
Telephone: (903) 753-9300

Gregory P. Love
State Bar No. 24013060
Scott E. Stevens
State Bar No. 00792024
Darrell G. Dotson
State Bar No. 24002010
STEVENS LOVE
P.O. Box 3427
Longview, Texas  75606
Telephone:  (903) 753–6760
Facsimile:  (903) 753–6761
greg@stevenslove.comd
scott@stevenslove.com
darrell@stevenslove.com

Attorneys for Sharing Sound, LLC